## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THANG HAU LIAN SUANTAK, | |
| Plaintiff, | |
| v. | Civil Action File No: |
| ATLANTA NOODLE PLUS, LLC, and LE CHEM, | |
| Defendants. | |

## **COMPLAINT**

COMES NOW Plaintiff Thang Hau Lian Suantak (hereinafter "Plaintiff"), and files this lawsuit against Defendants Atlanta Noodle Plus, LLC and Le Chem (hereinafter "Defendants") and shows the following:

## **JURISDICTION AND VENUE**

1.

This action seeks monetary damages, unpaid wages, liquidated and actual damages and attorneys' fees and costs for Defendants' failure to pay Plaintiff wages, including overtime compensation, as a result of working for Defendants, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et*

*seq*. (hereinafter "FLSA") and also claims for quantum meruit under Georgia law.

2.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA") and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

3.

Plaintiff also asserts claims under Georgia State Law and this Court may exercise supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

4.

Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) the Defendants are within the Northern District of Georgia and (2) the events or omissions giving rise to Plaintiff's claims, as described in this Complaint, occurred within the Northern District of Georgia.

**PARTIES**

5.

Plaintiff is a resident of DeKalb County, Georgia.

6.

Plaintiff worked for the Defendants from April 28, 2016, through October 31, 2017.  He was an "employee" of Defendants as defined under 29 U.S.C. § 203(e).

7.

Defendant Atlanta Noodle Plus, LLC is a Georgia limited liability company, organized and registered to do business in the state of Georgia, is engaged in interstate commerce, and its gross revenues exceed $500,000 per year.  It may be served through its registered agent: Buu Trung Lam at 3511 Church Street, Suite A, Clarkston, GA, 30021.

8.

Defendant Le Chem is the Manager of Atlanta Noodle Plus, LLC and made the decisions at issue in this matter.

9.

Defendants are "employers" within the definition of 29 U.S.C. § 203(e).

10.

Defendants are governed by and subject to the Fair Labor Standards Act.

## **STATEMENT OF FACTS**

11.

Plaintiff was hired by Defendants to work in their facility which manufactures egg noodles, egg roll skins, wonton skins and similar food items.

12.

Plaintiff was promised a salary and to be compensated for all of the hours he worked.

13.

Plaintiff was not paid a salary and he was not paid for all hours worked, including hours worked in excess of forty hours per week.

14.

According to Defendants' records that Plaintiff has been able to review Plaintiff was paid at the rate of $15.05 per hour, but was only paid for 904.2 hours in 2017.

15.

According to Defendants' records and the W-2, they paid Plaintiff a total of $13,608.00 in 2017, and $8460.00 in 2016, which is less than Plaintiff should have been paid.

16.

In addition, Defendants required Plaintiff to work some Saturdays but did not record that time. Defendants paid Plaintiff cash for this work, but Plaintiff denies that Defendants paid him as much as they claim or that these cash payments were sufficient to compensate Plaintiff for all hours worked, including at the overtime rate for hours in excess of forty hours per week.

17.

Defendants also contend that they paid Plaintiff in cash for other work, but failed to record the amount and Plaintiff disputes that they paid him cash in the amounts that they claim.

18.

Defendants have acted at all times willfully and knew or should have known that Plaintiff should have been paid overtime compensation under the Fair Labor Standards Act.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY FOR HOURS WORKED IN EXCESS OF FORTY (40) HOURS PER WEEK

19.

Defendants have violated the Fair Labor Standards Act by failing to pay

Plaintiff for all of his time worked, including the time worked in excess of forty (40) hours per week throughout his employment, and by failing to pay him the time and one-half premium for all hours worked over forty (40) per week.

20.

Defendants' failure to pay Plaintiff for all time worked in excess of forty (40) hours per week and failure to pay him the overtime premium for the hours worked in excess of forty (40) hours per week, violated the Fair Labor Standards Act.

21.

As a result of Defendants' failure to pay Plaintiff in accordance with the Fair Labor Standard Act, Plaintiff is entitled to his lost wages, including payment of the overtime premium.

22.

Defendants have not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

23.

Defendants' violations of the FLSA have been knowing and willful, entitling Plaintiff to recover lost wages for three years from April 26, 2016, until his employment ended.

## COUNT II - QUANTUM MERUIT

Plaintiff incorporates herein by reference Paragraphs 1 through 18 of this Complaint as though fully restated herein.

### 24.

Even though Defendants promised to pay Plaintiff for all hours worked, they did not do so.

### 25.

Defendants have benefited from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendants were not required to compensate Plaintiff for all services rendered.

### 26.

As a result of Defendants' failure to pay, Plaintiff has suffered damages for which Defendants are responsible.  It is fair and equitable for Defendants to be required to pay Plaintiff for his services, and it would be unfair and inequitable for Defendants to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

### 27.

Plaintiff is currently unable to determine the exact amount of time for which

he was not paid and intends to seek discovery to determine all the hours he worked and the amounts he was paid and from that calculate the value of his services to Defendants.

28.

To date, Defendants have failed to pay Plaintiff for some of the time that he worked for their benefit.

29.

As a result of Defendants' failure to pay, Plaintiff has suffered damages for which Defendants are responsible.  It is fair and equitable for Defendants to be required to pay Plaintiff for his services, and it would be unfair and inequitable for Defendants to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff monetary damages, unpaid wages, liquidated damages, prejudgment interest, court costs, and reasonable attorneys' fees; and,

Page 8

(C)     Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted this 17th day of May, 2018.

s/Janet E. Hill
Janet E. Hill, Esq.
Georgia Bar No. 354230
Attorney for Plaintiff
HILL & ASSOCIATES, P.C.
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
Telephone: (706) 353-7272
Fax: (706) 549-8446
E-mail: janet@hillworklaw.com
